NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL ANTHONY SCOTT, *Appellant.*

No. 1 CA-CR 22-0552
FILED 11-21-2023

Appeal from the Superior Court in Maricopa County
No. CR2021-123176-001
The Honorable David W. Garbarino, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Stuart Reilly
*Counsel for Appellee*

Maricopa County Office of the Legal Defender, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

**¶1**        Defendant Michael Anthony Scott appeals his conviction and sentence for aggravated assault, a class 3 dangerous felony. He argues the prosecutor committed error by diluting the burden of proof and appealing directly to the jurors. He also argues that the superior court fundamentally erred by imposing more than a presumptive sentence based on aggravating factors that Scott alleges are improper. We affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        In June 2021, Scott was in a restaurant parking lot and thought he heard an employee insult him. In response, Scott entered the restaurant and shouted at the employee. The restaurant manager tried to prevent Scott from approaching the employee in the staff area and repeatedly told Scott to leave the restaurant, but Scott ignored the manager's demands. The manager pushed Scott towards the door to defuse the situation. Scott retaliated and stabbed the manager in the abdomen with a knife. Scott then left the restaurant and waited on a curb for the police to arrive. The manager was hospitalized and underwent surgery for a lacerated liver and punctured stomach. The State charged Scott with aggravated assault.

**¶3**        During the State's closing argument, the prosecutor highlighted the court's reasonable doubt jury instruction and explained it further. The prosecutor stated that the law does not require "proof that overcomes every doubt" or "proof beyond all doubt," otherwise "[the State] wouldn't get a . . . conviction in any criminal case." The prosecutor also commented that proof beyond a reasonable doubt is "not the Hollywood standard, proof beyond a shadow of a doubt," and the jury "[does not] have to be a hundred percent convinced that [Scott] did this."

---

[1]        We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

¶4          Also, in response to Scott's self-defense claim, the prosecutor argued that Scott was not justified in stabbing the manager. The prosecutor commented, "It matters what a reasonable person in [Scott's] shoes would have thought about whether deadly force was immediately necessary to protect himself." She added, "We picked each of you for this jury because we believe you're all reasonable people."

¶5          After deliberations, the jury found Scott guilty of aggravated assault. At the trial's aggravation stage, the State alleged one statutory aggravator under A.R.S. § 13-701(D)(9) ("The victim . . . suffered physical, emotional or financial harm"), and five aggravators under the "catch-all" aggravator statute, A.R.S. § 13-701(D)(27). The jury found the aggravators alleged were proven beyond a reasonable doubt. Relying on all six aggravating factors and weighing them against three mitigating factors, the superior court sentenced Scott to ten years' imprisonment—two and a half years more than the presumptive sentence. *See* A.R.S. § 13-704(A).

¶6          Scott appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶7          We review for fundamental error because Scott did not object to the alleged errors at the trial. *See State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018); *State v. Murray*, 250 Ariz. 543, 548, ¶ 14 (2021). Thus, Scott must show error that "goes to the foundation of [his] case, takes away a right essential to the defense, or is of such magnitude that it denied [him] a fair trial." *Escalante*, 245 Ariz. at 138, ¶ 1. He also must show resulting prejudice. *Id.* But "if the trial is found to have been unfair, prejudice is automatically established, and no further showing is required." *Id.*

**A.      The State Did Not Commit Prosecutorial Error.**

¶8          To prevail on a prosecutorial error claim, the defendant must show the prosecutor made an error that "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Murray*, 250 Ariz. at 548, ¶ 13 (quoting *State v. Morris*, 215 Ariz. 324, 335, ¶ 46 (2007)). More specifically, the defendant must show that an error occurred *and* there is a "reasonable likelihood" the error "could have affected the jury's verdict, thereby denying defendant a fair trial." *Id.*

¶9          Scott argues the prosecutor made statements during the closing argument that diluted the burden of proof. Our supreme court

delineated the appropriate definition of proof beyond a reasonable doubt in *State v. Portillo*, 182 Ariz. 592 (1995). That definition includes, in part,

> [P]roof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him/her guilty.

*Id.* at 596. The court directed the jury to apply this definition in its final instructions.

¶10        Here, the prosecutor, in detailing proof beyond a reasonable doubt to the jury, told the jurors:

> As you're all aware, to find the defendant guilty, you must find that the State has proven each element of aggravated assault beyond a reasonable doubt. Now, what is reasonable doubt? It's not a mere possible doubt. It's sound, sensible, logical doubt based on the evidence that came from the witness stand.
>
> Your jury instructions tell you that there's very few things in the world that we know with an absolute certainty, and in criminal cases, the law does not require that proof—proof that overcomes every doubt. If you're firmly convinced that the defendant is guilty, then—of the defendant's guilt, then you must find him guilty.
>
> Proof beyond a reasonable doubt is not proof beyond all doubt. It's not the Hollywood standard, proof beyond a shadow of a doubt. You don't have to be a hundred percent convinced that he did this. Ultimately, you're never going to be a hundred percent certain what happened because none of you were present when this occurred.
>
> The law recognizes this fact, and if it were any other way, we wouldn't get a criminal—or a conviction in any criminal case. There are slight inconsistencies in nearly every criminal case, which is why the prosecution only has the burden of proof beyond a reasonable doubt and not proof beyond all doubt.

The prosecutor closed by stating, "The evidence presented here today should leave you firmly convinced that the defendant intentionally used a knife to stab [the manager]."

¶11        Scott argues that the prosecutor's definition contradicts that outlined in *Portillo*. But the prosecutor reiterated twice that a conviction is required when the jury is "firmly convinced" of the defendant's guilt. This argument mimics the reasonable doubt definition in *Portillo. See* 182 Ariz. at 596. Scott contends it was error for the prosecutor to comment that beyond a reasonable doubt is not "beyond all doubt" or "beyond a shadow of a doubt." This language also tracks *Portillo*, which states that "the law does not require proof that overcomes every doubt." *Id.* Further, because "proof that overcomes every doubt" is not required, the prosecutor's comment that the jury need not "be a hundred percent convinced that he did this" was not error. *See id.* Finally, Scott argues the prosecutor erred by detailing reasonable doubt as "sound, sensible, logical doubt," but he fails to explain how that language departs from reasonable doubt.

¶12        In support of his argument, Scott relies on *Murray*, in which the court found fundamental error where the prosecutor "invited jurors to conclude that if they thought 'one or both defendants *might be guilty*,' then they must have been 'persuaded by the evidence in the case *beyond a reasonable doubt*.'" 250 Ariz. at 549, 554, ¶¶ 19, 40. The prosecutor's statements here do not reduce the State's burden to the "might be guilty" standard held erroneous in *Murray. See* 250 Ariz. at 549, ¶ 19. Rather, as explained, the prosecutor's arguments track the reasonable-doubt standard mandated by *Portillo. See* 182 Ariz. at 596.

¶13        Scott also contends the State committed prosecutorial error by directly appealing to the jurors. Prosecutors are given "wide latitude" in their closing arguments but cannot make arguments that "appeal to the passions and fears of the jury." *State v. Comer*, 165 Ariz. 413, 426 (1990).

¶14        When arguing that Scott's actions were not justified, the prosecutor stated:

> The defendant might truly believe that what he was doing was self-defense, but that doesn't matter. It matters what a reasonable person in his shoes would have thought about whether deadly force was immediately necessary to protect himself against what [the victim] did.
>
> We picked each of you for this jury because we believe you're all reasonable people. You're allowed to use your common

> sense in your deliberations to decide what a reasonable
> person in the defendant's situation would have done.

Scott fails to explain how the prosecutor's reference to the jurors as "reasonable people" is an "appeal to [their] passions and fears." *Cf. Comer*, 165 Ariz. at 426-27 (A prosecutor's characterization of the defendant as a "monster," "filth," and the "reincarnation of the devil" was "an appeal to the jury's passion and prejudice.").

¶15        Scott also argues that the prosecutor transformed the objective "reasonable person" standard into a subjective one. *See State v. Carson*, 243 Ariz. 463, 465, ¶ 9 (2018) (Justification provisions use objective standards that depend on a "reasonable person['s]" belief.). Scott asserts that by appealing to jurors as "reasonable people," the prosecutor instructed them to put themselves in Scott's position. But the prosecutor emphasized that the jurors, as reasonable people, were to "use [their] common sense . . . to decide what a *reasonable person in the defendant's situation* would have done," not what the jurors themselves would have done. (Emphasis added.) Moreover, "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury . . . will draw that meaning." *Houston v. Roe,* 177 F.3d 901, 909 (9th Cir. 1999) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)). The prosecutor's "reasonable people" remark to the jury was not error.

¶16        Because the prosecutor did not err, we need not conduct further fundamental error analysis. *See Murray*, 250 Ariz. at 548, ¶ 14.

**B.        The Court Did Not Fundamentally Err When It Imposed an Aggravated Sentence.**

¶17        At trial, the jury found the following aggravating factors beyond a reasonable doubt: (1) the offense caused physical, emotional or financial harm to the victim; (2) the defendant's actions required the victim to have surgery shortly after the offense had been committed; (3) the way the defendant assaulted or attacked the victim caused the victim severe or extreme pain; (4) the defendant had a chance to walk away from the confrontation; (5) the defendant's actions had a deliberate quality in this serious offense; and (6) the defendant failed to act responsibly during this offense.

¶18        Scott argues that although the first statutory factor is correct, *see* A.R.S. § 13-701(D)(9), the latter five "catch-all" factors under A.R.S. § 13-701(D)(27) are improper because they are duplicative of either the

statutory factor or the aggravated assault elements. He asserts that aggravating factors two through six are improper, so his aggravated sentence under A.R.S. § 13-704(A) is illegal.

**¶19** The maximum term under A.R.S. § 13-704 may be imposed when "one or more of the circumstances alleged to be in aggravation of the crime are found to be true by the trier of fact beyond a reasonable doubt." A.R.S. § 13-701(C). And our supreme court reiterated in *State v. Martinez*, "once a jury implicitly or explicitly finds one aggravating factor, a defendant is exposed to a sentencing range that extends to the maximum punishment." *See* 210 Ariz. 578, 584, ¶ 21 (2005).

**¶20** Scott does not challenge the court's consideration of the statutory aggravator. And once the jury found the statutory aggravator was true beyond a reasonable doubt, the court could impose the maximum term under A.R.S. § 13-704. Thus, we need not consider the propriety of the "catch-all" aggravating factors because, regardless, the court could impose an aggravated sentence. *See* A.R.S. § 13-701(C); *Martinez*, 210 Ariz. at 584, ¶ 21. Thus, the superior court did not err.

## CONCLUSION

**¶21** We affirm.

